JOHN G. BAINBRIDGE, EXECUTOR, ETC., APPELLANT, *v.* ANDREW McCULLOUGH, ADMINISTRATOR, ETC., RESPONDENT.

*Executor — accounts of — objections to — must be specific.*

The defendant obtained an order from the surrogate of the county of Queens, requiring the plaintiff to render his account, as executor, and show cause why the claim of the defendant, founded upon a judgment docketed against the plaintiff's testator during his lifetime, should not be paid. An account, duly verified by the plaintiff, with the proper vouchers, was thereupon filed with the surrogate, showing a balance of $9.36 in his hands, applicable to the payment of the defendant's claim. At the hearing before the surrogate, the defendant urged that a large part of the expenditures, mentioned in the account, was not necessary for the settlement and preservation of the estate, and objected specifically to several items. No proofs of any kind were taken, save the account and vouchers, nor was the executor-examined. Subsequently the surrogate made an order, directing payment of the defendant's claim, $724.91. *Held*, that, as it nowhere appeared that the surrogate passed upon the items objected to, allowing or disallowing them, and as the verified accounts of the executor with vouchers for all the payments, raised the presumption that the payments were properly made,[*] and, as it rests with the party objecting, to establish more assets than are acknowledged by the account or inventory,[†] the order was improperly granted and should be reversed.

The proper practice is to state the objections in the form of distinct and specific allegations and give proof thereof, and this applies to all objections.[‡]

APPEAL from an order of the surrogate of the county of Queens, decreeing payment to the defendant, of $724.91.

*Sewell & Pierce,* for the appellant.

*John Fleming,* for the respondent.

Opinion by TAPPEN, J.

Present — BARNARD, P. J., TALCOTT and TAPPEN, JJ.

Ordered reversed and proceeding remitted to surrogate.

[*] Metzger v. Metzger, 1 Brad., 265; Westervelt v. Gregg, 1 Barb. Ch., 469.
[†] Marre v. Ginochio, 2 Brad., 165.
[‡] Williams on Exec., 1784; Young v. Skelton, 3 Haggard, 784.